IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

JOSEPH D. ROUSE,
     Petitioner,

v.

Civil No. 3:21cv63 (DJN)

WARDEN JUSTIN ANDREWS,
     Respondent.

**MEMORANDUM OPINION**

Petitioner Joseph D. Rouse ("Petitioner"), a federal prisoner confined within the Bureau of Prisons ("BOP"), brings this petition pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition," (ECF No. 1)). Petitioner challenges his institutional conviction for use of any narcotics or alcohol not prescribed by medical staff. (ECF No. 10-1, at 20.)[1] Petitioner contends that the following grounds entitle him to relief:

Claim One     "I offered documentary evidence in my defense. The [Disciplinary Hearing Officer ("DHO")] refused to accept this citing fears of possible Covid transmission. This violates my due process. DHO did not comply with regulations." (§ 2241 Petition at 6.)

Claim Two     "DHO never provided me with a signed copy of the DHO Report, which is required for appeal purposes." (§ 2241 Petition at 7.)

Claim Three     "My due process has been violated by not allowing me to appeal the decisions and dispositions of the DHO and by the Regional Office's refusal to even respond by the due date." (§ 2241 Petition at 7.)

Respondent Justin Andrews ("Respondent") filed a Motion to Dismiss the Petition for Writ of Habeas Corpus or, In the Alternative, for Summary Judgment. (ECF No. 9.) Petitioner has responded. (ECF No. 14.)

---

[1]    The Court employs the pagination assigned by the CM/ECF docketing system to the parties' submissions. The Court corrects the capitalization, spelling, and punctuation in the quotations from the parties' submissions.

## I.    BACKGROUND

On February 12, 2020, at FCC Petersburg, the BOP charged Petitioner in an Incident Report "with violations of BOP disciplinary code 112 – use of drugs/alcohol." (Decl. of Jillian Anspach ("Anspach Decl.") ¶ 4 (ECF No. 10-1).)  The Incident Report reflected that Petitioner submitted a urine sample that an outside lab tested, which yielded a positive for buprenorphine. (ECF No. 10–1, at 10.)  The medical department further confirmed that Petitioner had not been prescribed any medication which would have caused the positive result.  (*Id.*)

The BOP provided Petitioner with notice of the disciplinary hearing and his rights at that hearing.  (*Id.* at 14.)  Petitioner waived his right to present witnesses.  (*Id.*)

During the disciplinary hearing conducted on March 19, 2020, Petitioner acknowledged his guilt.  (*Id.* at 18-19.)  Based on Petitioner's admission of guilt and the documentary evidence regarding his urine test for buprenorphine, the DHO found Petitioner guilty of the charged offense.  (*Id.* at 19.)  As consequence of this conviction, the BOP penalized with:  "(1) disallowance of 41 days of good conduct time; (2) 1 month loss of email access; [and,] (3) 4 months loss of commissary privileges." (Anspach Decl. ¶ 12.)

Nevertheless, months passed and Petitioner failed to receive a copy of the DHO report. (§ 2241 Petition at 7.)  Eventually, despite not receiving a copy of the DHO report, Petitioner filed an appeal of his disciplinary conviction directly with the Mid-Atlantic Regional Office on November 8, 2020. (ECF No. 10-1, at 32.)  On December 12, 2020, that Office denied the appeal and noted:

> A review of the discipline record indicates you were not provided with a copy of your DHO report.  However, you did not provide, nor did we find, any evidence your ability to utilize the administrative remedy process has been hindered in any way.  You will receive a copy of the DHO report in the very near future.
> A review of the discipline record indicates you did not request to present evidence during the DHO hearing.  When contacted, the DHO confirmed you did

2

not request to present any evidence during the DHO hearing. You did not provide, nor did we find, any evidence you were denied the right to present evidence.

The required disciplinary procedures were substantially followed, the evidence supports the DHO's finding, and the sanctions were appropriate for the offense.

(*Id.* at 33.)

On January 14, 2021, the BOP finally provided Petitioner with a copy of the DHO Report. (Anspach Decl. ¶ 15.) Since receiving the DHO Report, Petitioner has not filed any administrative remedy requests or appeals regarding his institutional conviction. (*Id.* ¶ 21.)

## II.     STANDARD OF REVIEW

The Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the responsibility of informing the Court of the basis for the motion and identifying the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the movant properly supports the motion, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c), (e) (1986)).

The relevant inquiry in a summary judgment analysis focuses on "whether the evidence presents a sufficient disagreement to require submission to a [factfinder] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 251-52 (1986). In reviewing a motion for summary judgment, the Court must view the facts in the light most favorable to the non-moving party. *Id.* at 255. Moreover, the Court cannot weigh the evidence to enter a judgment, but simply must determine whether a genuine issue for trial exists. *Greater Balt. Ctr. for Pregnancy Concerns v. Mayor of Baltimore*, 721 F.3d 264, 283 (4th Cir. 2013) (quoting *Anderson*, 477 U.S. at 249).

Once the moving party properly submits and supports a motion for summary judgment, the opposing party has the burden of showing that a genuine dispute exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; instead, there must be no genuine issue of material fact. *Anderson*, 477 U.S. at 247-48. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

Indeed, the Court must grant summary judgment if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To defeat an otherwise properly supported motion for summary judgment, the non-moving party "must rely on more than conclusory allegations, 'mere speculation,' the 'building of one inference upon another,' the 'mere existence of a scintilla of evidence,' or the appearance of some 'metaphysical doubt' concerning a material fact." *Lewis v. City of Va. Beach Sheriff's Office*, 409 F. Supp. 2d 696, 704 (E.D. Va. 2006) (citations omitted). A "genuine" issue concerning a "material" fact only arises when the evidence, viewed in the light most favorable to the non-moving party, allows a reasonable factfinder to return a verdict in that party's favor.

4

*Anderson*, 477 U.S. at 248.

In support of his Motion for Summary Judgment, Respondent submitted: (1) the Declaration of Jillian Anspach, a Discipline Hearing Office Secretary at the Federal Correctional Complex in Petersburg, Virginia ("FCC Petersburg"), and (2) a variety of institutional records that the Court refers to by their CM/ECF designation (ECF No. 10-1, at 9-3).[2]  In Response, Petitioner submitted his own declaration (("Pet'r's Decl.") at 6-7 (ECF No. 14)) and a copy of his Regional Administrative Remedy Appeal (ECF No. 14 at 10).[3]

## III.   ANALYSIS

### A.   General Principles Regarding Due Process Deprivations in Prison

The Due Process Clause applies when government action deprives an individual of a legitimate liberty or property interest. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972).  Thus, the first step in analyzing a procedural due process claim requires the Court to identify whether the alleged conduct affects a protected interest. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997) (citations omitted).  A liberty interest may arise from the Constitution itself or from state or federal laws and policies. *See Wilkinson v. Austin*, 545 U.S. 209, 221–22 (2005).

---

[2]    The Court omits any secondary citations from Anspach's Declaration.

[3]    In his Response to the Motion for Summary Judgment, Petitioner raises new complaints about, *inter alia*, the chain of custody for his urine sample.  To the extent that Petitioner seeks to add new claims, the Court notes that Petitioner cannot add new claims by a passing reference in his Response. *See Snyder v. United States*, 263 F. App'x. 778, 779–80 (11th Cir. 2008) (refusing to consider petitioner's statement in a reply brief as an attempt to amend his § 2255 motion to add a new claim); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 847 F. Supp. 2d 843, 851 n.9 (E.D. Va. 2012) (refusing to address claim not properly filed before the Court); *Equity in Athletics, Inc. v. Dep't of Educ.*, 504 F. Supp. 2d 88, 111 (W.D. Va. 2007) (citations omitted) (explaining that "new legal theories must be added by way of amended pleadings, not by arguments asserted in legal briefs").  Therefore, to the extent that Petitioner seeks to add any new claims in his Response, the new claims will receive no further consideration.

As noted above, as result of his institutional conviction, the DHO imposed the following sanctions: "(1) disallowance of 41 days of good conduct time; (2) 1 month loss of email access; [and,] (3) 4 months loss of commissary privileges." (Anspach Decl. ¶ 12.)  It is well established that inmates, such as Petitioner, have a protected liberty interest in vested good conduct time. *See Puranda v. Hill*, 2012 WL 2311844, at \*3 (E.D. Va. June 18, 2012) (citing *Sciolino v. City of Newport News, Va.*, 480 F.3d 642, 653 n.9 (4th Cir. 2007)); *see also Wolff v. McDonnell*, 418 U.S. 539, 560-61 (1974) (stating that, although not as serious as the revocation of parole, the "deprivation of good time is unquestionably a matter of considerable importance.").  However, Petitioner does not enjoy a protected liberty interest in using the phone or the commissary. *Patterson v. Bolster*, 2020 WL 520588, at \*6 (E.D. Va. Jan. 31, 2020) (citing *Wright v. Shartle*, 699 F. App'x 733, 733 (9th Cir. 2017); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991)).  Therefore, the deprivation of those privileges does not implicate a federal constitutional right.

As to the revocation of good conduct time, the Constitution only guarantees the following minimal process prior to the revocation of vested good conduct time:

> (1) an impartial tribunal; (2) written notice of the charges prior to the hearing; (3) an opportunity to call witnesses and present documentary evidence; (4) aid from a fellow inmate or staff representative if the issues are complex; and, (5) a written statement by the fact finder describing the evidence relied upon and the reasons for taking disciplinary action.

*Coor v. Stansberry*, 2008 WL 8289490, at \*2 (E.D. Va. Dec. 31, 2008) (citing *Wolff*, 418 U.S. at 563-71).  Additionally, "the requirements of due process are satisfied if *some evidence* supports the decision by the prison disciplinary board to revoke good time credits."  *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985) (emphasis added).

B.     **Claim Two Lacks Merit**

In Claim One, Petitioner asserts that he was denied the opportunity to present documentary evidence. In his § 2241 Petition, Petitioner, however, failed to provide any facts to support this assertion. *See United States v. Roane*, 378 F.3d 382, 400-01 (4th Cir. 2004) ("[a]iry generalities, conclusory assertions and hearsay statements [do] not suffice to stave off summary judgment" (internal quotation marks omitted) (citations omitted)). However, in his Response, Petitioner asserts that he wanted to present an affidavit wherein he pointed out alleged errors in the Incident Report. (ECF No. 14, at 6–7.) Nevertheless, even if one accepted that the DHO refused to consider Petitioner's affidavit, Petitioner fails to demonstrate that this refusal violated his constitutional rights, because the information that he wanted to offer was irrelevant to his guilt. Specifically, the Incident Report listed the date of incident as January 21, 2020 and the place of the incident as the Lieutenant's Office. (ECF No. 10–1, at 10.) On January 21, 2020, Petitioner provided the urine sample. (*Id.*) On February 11, 2020, BOP officials learned that Petitioner's urine sample had tested positive for buprenorphine. (*Id.*) Petitioner contends that the date of incident should have been the date that the BOP learned that his urine sample tested positive, rather than the date that he provided the urine sample. (ECF No 14, at 6.) Petitioner, however, fails to demonstrate that he correctly interprets the date of the incident, much less that it would bear relevance to his guilt or innocence of the charged offense. Given these circumstances, to the extent that the DHO refused to consider an affidavit raising the alleged discrepancies, Petitioner fails to demonstrate that this refusal to consider his affidavit denied him due process or harmed him. *Burns v. PA Dep't of Corr.*, 642 F.3d 163, 174 n.11 (3d Cir. 2011) (observing that "due process requires that the evidence be produced unless the hearing officer makes an independent determination that the evidence is not relevant"); *see Piggie v. Cotton*, 344

7

F.3d 674, 678 (7th Cir. 2003) (using harmless error analysis in review of prison disciplinary

board's alleged denial of prisoner's right to call witness at disciplinary hearing).  Accordingly,

Claim One lacks merit and will be DISMISSED.

> ### C.   **Claim Two Is Moot and Lacks Merit**

In Claim Two, Petitioner asserts that the long delay in providing him with the DHO

Report violated his rights.  "Because [Petitioner] did eventually receive a copy of the DHO

report, this aspect of his claim is moot." *Smith v. Andrews*, 2020 WL 6386862, at *2 (E.D. Va.

Oct. 30, 2020) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969); *Ross v. Reed*, 719 F.2d

689, 693-94 (4th Cir. 1983)).  Furthermore, Petitioner suggests that he suffered a violation of his

rights, because the BOP failed to provide him with the DHO report in the time required by BOP

rules.  Indeed, BOP Program Statement 5270.09 states that "[t]he DHO prepares a record of the

proceedings.  The evidence, decision, and reasons for actions taken must be specific, unless this

would jeopardize security.  The DHO gives the inmate a written copy of the decisions and

disposition, ordinarily within 15 work days of the decision."  BOP Program Statement 5270.09,

at 34.[4]  However, as this Court has previously noted, the failure to abide by this provision does

not provide a basis for federal habeas relief. *Shahan v. Ormond*, 2018 WL 6681210, at *5 (E.D.

Va. Dec. 19, 2018), *aff'd*, 778 F. App'x 217 (4th Cir. 2019) (observing that "any time

requirements for the delivery of the DHO's report, and BOP Program Statement 5270.09 is only

advisory . . . .").  While BOP staff may have "violated BOP Program Statement 5270.09 by

failing to provide him with a copy of the DHO Report within the advisory fifteen-day period, the

BOP's failure to abide by internal directives of this ilk does not give rise to a claim for habeas

---

[4] BOP Program Statement 5270.09 is available at
https://www.bop.gov/policy/progstat/5270_009.pdf (last visited Jan. 26, 2022).

relief." *Id.* (citing *Mendoza v. Tamez*, 451 F. App'x 715, 717–18 (10th Cir. 2011); *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991)).

Furthermore, generously construing Petitioner's § 2241 Petition as raising a general due process claim regarding his delayed receipt of the DHO Report, such a claim also fails. "It is not the mere fact of the government's delay that violates due process, but rather the prejudice resulting from such delay." *Consolidation Coal Co. v. Borda*, 171 F.3d 175, 183 (4th Cir. 1999) (citation omitted). In the context of an inmate's delayed receipt of the DHO's report, courts have held that inmates do not suffer any prejudice when they receive the DHO's report months after the hearing, and that such a multi-month delay does not constitute a due process violation. *See, e.g., Griffin v. Ebbert*, 640 F. App'x 181, 184 (3d Cir. 2016) (concluding that there was no due process violation when an inmate received the DHO's report eighteen months after his hearing "because [the inmate] had not demonstrated that he suffered any prejudice as a result of the eighteen-month delay, [and] he had received the process he was due under *Wolff*"); *Staples v. Chester*, 370 F. App'x 925, 929–30 (10th Cir. 2010) ("Assuming without deciding that a copy of the report was required [to be included with the administrative appeal], [the Tenth Circuit did] not conclude that the approximate eight-month delay in the DHO's tender of the copy to [the inmate] prejudiced his ability to bring an administrative appeal or rendered such an appeal futile."); *Cook v. Warden, Fort Dix Corr. Inst.*, 241 F. App'x 828, 829 (3d Cir. 2007) ("[E]ven if [the inmate] did not receive the DHO's written report within 10 days . . . the delay had no prejudicial effect on [the inmate's] administrative appeal and thus does not provide a basis for habeas relief."). Here, Petitioner has not demonstrated any prejudice. Accordingly, Claim Two will be DIMISSED.

**D.      Claim Three Lacks Merit**

In Claim Three, Petitioner asserts, "[m]y due process has been violated by not allowing me to appeal the decisions and dispositions of the DHO and by the Regional Office's refusal to even respond by the due date." (ECF No. 1, at 6.)  This claim lacks factual and legal merit. Petitioner does "not enjoy a procedural due process right to an appeal." *Coor*, 2008 WL 8289490, at *2 (citing *Wolff*, 418 U.S. at 563–71; *Johnson v. Goord*, 487 F. Supp. 2d 377, 386 (S.D.N.Y. 2007)).  Furthermore, the Regional Office of the BOP processed and responded to Petitioner's appeal.  Accordingly, Claim Three will be DISMISSED.

### IV.   Conclusion

For the foregoing reasons, Respondent's Motion for Summary Judgment (ECF No. 9) will be GRANTED.  Respondent's Motion to Dismiss for Lack of Jurisdiction (ECF No. 8) will be DENIED as moot.  Petitioner's claims will be DISMISSED.  The § 2241 Petition will be DENIED.  The action will be DISMISSED.

An appropriate Order shall issue.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Petitioner.

                                                     /s/
                                              David J. Novak
                                              United States District Judge

Richmond, Virginia
Dated: January 27, 2022